NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MARTYNA M., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, A.B., S.B., *Appellees*.

No. 1 CA-JV 17-0129
FILED 8-17-2017

---

Appeal from the Superior Court in Maricopa County
No. JD31154
The Honorable Connie Contes, Judge

**AFFIRMED**

---

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Laura J. Huff
*Counsel for Appellee Department of Child Safety*

**MEMORANDUM DECISION**

Judge Patricia A. Orozco[1] delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Maria Elena Cruz joined.

**O R O Z C O**, Judge:

**¶1**        Martyna M. (Mother) appeals the juvenile court's denial of her motion to return her two minor children to her care.  For the reasons that follow, we affirm.

**DISCUSSION**

**¶2**        Mother is the biological mother of A.B., born in September 2014, and S.B., born in June 2016.[2] On August 28, 2015, the Department of Child Safety (DCS) alleged A.B. was dependent because Mother neglected her by feeding her skim milk instead of formula and by maintaining an unfit home. The juvenile court adjudicated A.B. dependent in January 2016. On June 8, 2016, DCS alleged S.B. was dependent because Mother was unable to provide S.B. with proper care as evidenced by her open dependency case with A.B. The juvenile court adjudicated S.B. dependent in October 2016.

**¶3**        Roughly three months later, Mother moved under Arizona Rule of Procedure for the Juvenile Court (Rule) 59 for the return of her children to her care. The juvenile court denied Mother's motion. Mother timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (2016); *see Lindsey M. v. Ariz. Dep't of Econ. Sec.*, 212 Ariz. 43, 46, ¶ 9 (App. 2006) ("[O]rders reaffirming a child's dependent status and ratifying or changing the child's placement are . . . final and appealable.").

**¶4**        Pursuant to Rule 59(A), a parent "may file a motion with the court requesting return of the child to the custody of the parent . . . [and] [t]he court shall set a hearing to determine whether return of the child

---

[1]        The Honorable Patricia A. Orozco, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]        A.B. and S.B.'s biological father is not a party to this appeal.

would create a substantial risk of harm to the child's physical, mental or emotional health or safety." If the juvenile "court finds, by a preponderance of the evidence, that return of the child would not create a substantial risk of harm to the child's physical, mental or emotional health or safety," the court shall return the child to the parent's care. Rule 59(E)(1). In ruling on a Rule 59 motion, "[a]ll findings and orders shall be in the form of a signed order or contained in a minute entry." Rule 59(E). The court held a hearing on Mother's Rule 59 motion on February 2, 2017.

**¶5**        At the hearing, Mother's counsel stated, "the reason I filed [the Rule 59 motion] was just because I think it's time that we need to start having some movement in this case." DCS and the children's guardian ad litem objected to the motion. The parties did not call any witnesses or introduce any exhibits into evidence.

**¶6**        At the conclusion of the hearing, the juvenile court stated, "I do tend to agree that for short terms, I don't think they[, the parents,] present an imminent risk of harm to the children." On appeal, Mother contends this statement establishes that "the trial court's findings are in contradiction to the requirements set forth in Rule 59," and "[b]y indicating that the parents do not present an imminent risk of harm to the children, the Trial Court erred in denying Mother's motion to have the children returned to her care."

**¶7**        Because the primary concern in a dependency case is the best interest of the child, the juvenile court has substantial discretion when placing dependent children. *Antonio P. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 402, 404, ¶ 8 (App. 2008). Therefore, we review the juvenile court's placement order for an abuse of discretion. *Id*.

**¶8**        The juvenile court did not, as Mother's argument implies, make any findings at the hearing in contradiction of Rule 59. Indeed, at the conclusion of the hearing, the juvenile court explained it was not prepared to rule on the motion: "I'm certainly not granting the Rule 59 motion from the bench here today." Instead, in compliance with Rule 59(E), the juvenile court issued a written minute entry explaining it could not "make the necessary finding at this time that return of children to the parents' care would not create a substantial risk of harm to the children's physical, mental or emotional health or safety." The juvenile court, therefore, did not abuse its discretion in denying Mother's request for return of the children to her care.

## CONCLUSION

¶9        For the above stated reasons, we affirm the juvenile court's order.



AMY M. WOOD • Clerk of the Court
FILED:  AA